UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.E.M.,<br><br>    Petitioner,<br><br>  v.<br><br>ERNESTO SANTA CRUZ JR., *et al.*,<br><br>    Respondents. | Case No. 2:26-cv-01763-CV (ADSx)<br><br>**ORDER DENYING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br>**[3]** |

  Petitioner D.E.M. ("Petitioner") was previously detained by Immigration and Customs Enforcement ("ICE") on suspicion of entering the United States without permission or parole. After his arrest, an immigration judge granted Petitioner's release on bond. However, the Board of Immigration Appeals ("BIA") subsequently vacated the grant of bond, subjecting Petitioner to potential re-detention.

  On February 18, 2026, Petitioner filed a Petition for Writ of Habeas Corpus against Respondents Ernesto Santa Cruz Jr., Acting Director of ICE's Los Angles Field Office, Todd Lyons, Acting Director of ICE, Kristi Noem, Secretary of the U.S. Department of Homeland Security, and Pamela Bondi, Attorney General of the United States (collectively, "Respondents"). Doc. # 1 ("Pet.").

Before the Court is Petitioner's *Ex Parte* Motion for a Temporary Restraining Order ("TRO") or Preliminary Injunction, which was filed along with the Petition on February 18, 2026 ("Motion"). Doc. # 3 ("Mot."). In the Motion, Petitioner requests the Court to enjoin Respondents from re-detaining Petitioner without adequate notice and a pre-detention hearing. Mot. at 19–20. Respondents filed an opposition to the Motion on February 23, 2026. Doc. # 9 ("Opp."). Petitioner filed a reply on February 24, 2026. Doc. # 10 ("Reply").

The Court finds that oral argument is not necessary to resolve the present dispute. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15; *Willis v. Pac. Mar. Ass'n*, 244 F.3d 675, 684 n.2 (9th Cir. 2001). Having reviewed and considered the parties' briefing, the Court DENIES the Motion.

I. **BACKGROUND**

Petitioner is a native and citizen of Mexico who has resided in the United States for ten years. Pet. ¶ 9. He currently lives in Oxnard, California. *Id.* Petitioner is also the father of a U.S. citizen and two teenagers with deferred action and special immigrant juvenile status. *Id.* For the past five years, Petitioner has been an employee at Laguna Farms, LLC, where his employer lauded him for his professionalism, reliability, and positive contributions. Doc. # 1-4, Borkowski Decl., Ex. 3 at 15, 24. Petitioner has never been arrested, other than the arrest described below, or convicted of any crime. *Id.* at 15.

On July 9, 2025, Petitioner was arrested while walking to his car a few blocks away from his house. Pet. ¶ 17. The ICE agents who arrested him were wearing street clothes, face coverings, bullet proof vests, and were driving unmarked SUVs. Doc. # 1-4, Borkowski Decl., Ex. 3 at 15. According to Petitioner, the masked agents took him to the ground, pinned him to the ground with a knee, and threatened to break his arms. *Id.* Petitioner also claims that he had scratches on the backside of his ears resulting from the ICE agents forcibly pulling his head back. *Id.* After his arrest, Petitioner was detained at the Otay Mesa Detention Center ("OMDC"), which is located over 200 miles from Petitioner's home. Pet ¶ 21.

On August 8, 2025, following a bond hearing, an immigration judge ordered Petitioner released on a $6,500 bond. Doc. # 1-9, Borkowski Decl., Ex. 8 at 136, 138. ICE continued to hold Petitioner in detention at OMDC until he filed a habeas petition on September 28, 2025, at which point the government agreed to release Petitioner on bond the following day. Pet. ¶ 3.

Petitioner has since complied with all conditions of his release. *Id.* ¶ 4. This includes attending regular check-ins with immigration officials, which requires him to travel approximately 40 minutes from his home in Oxnard to Thousand Oaks, California approximately three times per month and sometimes twice per week. *Id.*

On February 9, 2026, the BIA vacated the immigration judge's grant of bond pursuant to *In re Yajure Hurtado*, 29 I&N, Dec. 216 (BIA 2025). *Id.* Because his bond was vacated, Petitioner was concerned that ICE would re-detain him during his next check-in, which was scheduled for February 20, 2026. *Id.*

Accordingly, on February 18, 2026, Petitioner filed a writ of habeas corpus and, along with it, the present Motion. Petitioner requests the Court to:

"1. Enjoin Respondents from re-detaining Petitioner without a pre-deprivation bond hearing where the Department of Homeland Security bears the burden to prove changed circumstance and that Petitioner is now a danger to the community or flight risk;

2. Enjoin Respondents from causing Petitioner any greater harm during the pendency of this litigation and his immigration court case, such as by transferring him anywhere outside of the jurisdiction of the Central District of California, away from his counsel;

3. Enjoin Respondents from requiring Petitioner to wear electronic monitoring to return things to the status quo before detention;

4. If the government seeks to re-detain Petitioner, require it to provide no less than seven (7) days' notice to petitioner and counsel and hold a pre-

      deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered."

Mot. at 19–20.

On February 19, 2026, the Court issued a briefing schedule on the Motion, requiring Respondents to file an opposition by February 23, 2026 and Petitioner to file a reply by February 24, 2026. Doc. # 7. The Court also ordered Respondents not to take any action prior to the Court's ruling on the Motion that would impair its ability to afford Petitioner complete relief. *Id.*

As of the date of this Order, the record does not indicate that Petitioner was detained during the February 20 check-in or at any other time. The Court therefore presumes he is not in custody.

## II.     LEGAL STANDARD

The standards for issuing a TRO and preliminary injunction under Federal Rule of Civil Procedure 65 are the same. *Six v. Newsom*, 462 F. Supp. 3d 1060, 1067 (C.D. Cal. 2020); *see also Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that a TRO and preliminary injunction involve "substantially identical" analysis). TROs and preliminary injunctions are "extraordinary remed[ies] that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Under *Winter*, a plaintiff seeking a TRO or preliminary injunction must establish four elements: (1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm absent preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction. *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir. 2014) (citing *Winter*, 555 U.S. at 20). Courts in this circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the *Winter* standard," *Fraihat v. U.S. Immigr. & Customs*

*Enf't*, 16 F.4th 613, 635 (9th Cir. 2021), in which the *Winter* elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under this approach, a TRO or preliminary injunction may be warranted where there are "'serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff," so long as the other *Winter* elements are also met. *Id.* at 1132.

### III. DISCUSSION

#### A. Likelihood of Success on the Merits

Petitioner seeks injunctive relief to prevent his "imminent" re-detention without a pre-detention hearing. Mot. at 6–7. Respondents argue that Petitioner cannot prevail on his habeas claim because he is not currently "in custody" and is seeking only to prevent an anticipated future confinement. Opp. at 2–3. The Court agrees with Respondents.

Under 28 U.S.C. § 2241, federal courts are authorized to grant writs of habeas corpus to individuals "in custody" if such custody is "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A person need not be physically imprisoned to be "in custody" under the statute; instead, habeas relief is available where the individual is subject to "restraints not shared by the public generally." *Jones v. Cunningham*, 371 U.S. 236, 240 (1963). However, a petitioner must be "in custody" at the time a habeas petition is filed for the Court to have jurisdiction over the habeas claim. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (petitioner must be "in custody" at the time a habeas petition is filed); *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007) (same in the context of a civil immigration detention); *see also Pinson v. Carvajal*, 69 F.4th 1059, 1075 (9th Cir. 2023) (district courts lack jurisdiction to hear habeas claims that fall outside the "historic core" of writs of habeas corpus—to release petitioners from illegal confinement).[1]

---

[1] Petitioner argues that *Pinson* "is inapposite to this case because it concerns a prisoner seeking relief from conditions of confinement in *criminal* detention . . . rather than protective relief to prevent imminent reasonless civil detention." Reply at 1. But Petitioner fails to explain why the core principle in *Pinson*— that habeas relief is limited to releasing a petitioner from illegal confinement—would not also apply in

Here, Petitioner is not currently in detention, nor does he challenge any present restraint on his liberty. Rather, Petitioner seeks injunctive relief to prevent future potential confinement without first receiving a pre-detention hearing. Because Petitioner is not currently "in custody," and release from custody "is the only available remedy" for claims underlying a habeas petition, the Court lacks jurisdiction to grant the requested relief.[2] *Pinson*, 69 F.4th at 1070; *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("It is clear, not only from the language of [Sections] 2241(c)(3) and 2254(a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person *in custody* upon the legality of that custody, and that the traditional function of the writ is to secure *release from illegal custody*.") (emphasis added). Accordingly, the Court will deny Petitioner's request for injunctive relief.

### B. Remaining *Winter* Factors

Because Petitioner has not established a likelihood of success on the merits, the Court declines to address the remaining *Winter* factors. *See Cottrell*, 632 F.3d at 1135; *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023).

---

the civil detention context. In fact, courts in this circuit have found that it does. *Boscan v. Becerra*, No. 1:26-cv-00651-KES-SAB, 2026 WL 310093, at *2 (E.D. Cal. Feb. 5, 2026) (applying *Pinson* to a habeas petition involving civil immigration detention); *Chaudhry v. Bondi*, No. 2:25-cv-02339-DGE, 2025 WL 3706534, at *6 n.3 (W.D. Wash. Dec. 22, 2025) (same).

[2] In his reply brief, Petitioner cites to three cases for the proposition that "[t]his Court has jurisdiction to hear habeas petitions to prevent unlawful future detention where an agency decision has already been made." Reply at 3. However, the petitioners in each of these cases were in custody at the time they filed their habeas petitions and thus did not face the same jurisdictional roadblocks as Petitioner does here. *See Morrissey v. Brewer*, 408 U.S. 471, 472–73 (1972); *Esquivel Pacheco v. LaRose*, No. 3:25-cv-2421-JO-AHG, 2026 WL 242300, at *1 (S.D. Cal. Jan. 29, 2026); *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1130 (D. Or. 2025). Moreover, while this Court, in other habeas cases, has enjoined respondents from re-detaining a petitioner in the future without first providing a pre-detention hearing, the petitioners in these cases were also in custody at the time they filed their petitions. *See, e.g.*, *Sotomayor v. Bondi*, No. 5:25-cv-02939-CV (SSC) (C.D. Cal. Nov. 14, 2025) (Doc. # 10).

IV. **CONCLUSION**

For the foregoing reasons, the Court **DENIES** Petitioner's Application.

**IT IS SO ORDERED**.

Dated: 2/27/26

*Cynthia Valenzuela*
HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE